UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY J. GALE, an individual, and PAOLA GALE, an individual,<br><br>                      Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY, a Delaware corporation,<br><br>                      Defendant. | Case No.:  3:25-cv-1196-H-SBC<br><br>**ORDER FOLLOWING MARCH 03, 2026 DISCOVERY DISPUTE CONFERENCE** |

On March 03, 2024, the Court held a discovery conference via Zoom. The Court reviewed the parties' joint statement of discovery dispute lodged on February 12, 2026, and heard the parties' respective positions. In dispute is the competency of Defendant's Rule 30(b)(6) witness.[1] For the reasons set out on the record and set forth below, the Court finds Sharleen Esquival to be a proper Rule 30(b)(6) witness and **DENIES** Plaintiffs'

---

[1] Also in dispute is the timeliness of Plaintiff's objection to Defendant's 30(b)(6) witness. Defendant argues that Plaintiff's failure to object during the deposition constituted a waiver of the objection. However, because Plaintiff raises this objection within 45 days of the deposition, the Court finds that this issue has been timely raised. *See* Civ. Chambers Rules at 7.

request for Defendant to produce either Nicole Buda or Julie Scranlon for an additional Rule 30(b)(6) deposition.

## I.    BACKGROUND

The case arises from the alleged breaches of express and implied warranty pursuant to the Song-Beverly Consumer Warranty Act. (Dkt. No. 1.) On July 18, 2025, the parties met for an early neutral evaluation. (Dkt. No. 5.) Shortly thereafter, the Court sent a scheduling order, setting December 18, 2025, as the deadline for all fact discovery to be completed. (Dkt. No. 6.) On December 18, 2025, the parties filed a joint motion to extend the fact discovery deadline to January 19, 2026, to allow the parties to complete the deposition of Defendant's designated Rule 30(b)(6) witness (Dkt. No. 8.) The Court granted the motion on December 22, 2025. (Dkt. No. 9.)

On January 15, 2026, Plaintiffs deposed Sharleen Esquivel. (Joint Stat. of Disc. Dispute 2:3-8.). The following day, Plaintiffs sent a meet-and-confer correspondence via email to Defendant, contending that the witness's testimony was deficient. *Id*. On February 2, 2026, the parties held a telephonic meet and confer. *Id*. at 2:22-25. On February 12, 2026, the parties lodged a joint statement of discovery dispute.

## II.    LEGAL STANDARDS

Rule 36(b)(6) requires a party noticing a deponent of a public corporation to describe the matters for examination "with reasonable particularity." Fed. R. Civ. P. 30(b)(6). The corporation must then designate one or more persons able to "testify about information known or reasonably available to the organization." *Id*. "The 30(b)(6) notice establishes the minimum about which the witness must be prepared to testify, not the maximum." *Moriarty v. Am. Gen. Life Ins. Co*., No. 17-CV-1709-BTM-WVG, 2019 WL 1559143 at *3 (S.D. Cal. Apr. 10, 2019) (quoting *ChriMar Systems Inc. v. Cisco Systems Inc*., 312 F.R.D. 560, 563 (N.D. Cal. 2016)). "[I]f the deponent does not know the answer to questions outside the scope of the matters described in the notice, then that is the examining party's problem." *Id*.

"The testimony of a Rule 30(b)(6) designee represents the knowledge of the

corporation, not of the individual deponents." *Great Am. Ins. Co. of New York v. Vegas Const. Co.*, Inc., 251 F.R.D. 534, 538 (D. Nev. 2008). A corporation need not designate someone with personal knowledge; however, if a deponent does not have personal knowledge, the corporation is obligated to prepare the deponent to "fully and unevasively answer questions about the designated matter." *Santa Clarita Valley Water Agency v. Whittaker Corp.*, CV 18-06825-GW-(RAOx), 2020 WL 8102054 at *8 (C.D. Cal. July 9, 2020) (quoting. *id.* at 539). It should be noted though, "if a party states it has no knowledge or position as to a set of alleged facts or area of inquiry at a Rule 30(b)(6) deposition, it cannot argue for a contrary position at trial without introducing evidence explaining the reasons for the change." *U.S. v. Taylor*, 166 F.R.D. 356, 362 (M.D.N.C. 1996).

## III.    DISCUSSION

Applying these principles to the present dispute, the Court finds Defendant has complied with its obligations under Rule 30(b)(6) and properly produced Ms. Esquival as a Rule 30(b)(6) deponent.

Plaintiffs argue that Ms. Esquival lacked personal knowledge regarding the evaluation of the subject vehicle's repurchase request. (Joint Stat. of Disc. Dispute 2:6-8.) However, Rule 30(b)(6) does not require a designated deponent to have personal knowledge. *See* Fed. R. Civ. P. 30(b)(6). Rather, the deponent must be prepared to fully answer questions about the designated matter on behalf of the organization. *See id*.

Plaintiffs designated the following topic matters: "(1) Plaintiff's request for repurchase (Matter No. 1); (2) Ford's policies and procedures for processing repurchase requests (Matter No. 2); (3) communications with Plaintiff (Matter No. 3); and (5) Ford's research and investigation concerning Mr. Gale's repurchase request (Matter No. 5)." (Joint Stat. of Disc. Dispute 5:1-5). Based on the deposition transcript, Ms. Esquival was prepared and competent to testify on the designated matters as a Rule 30(b)(6) witness. For instance, when Plaintiffs' counsel asked about Defendant's review process, Ms. Esquival appropriately provided:

> A.  "So when we're performing a review for customer's request for repurchase, we want to know about their experience with the

> vehicle, what concerns they're having with the vehicle. We want to know . . . the condition of the vehicle, things of that nature . . . we really go on a fact-finding mission so that we can understand all [] of the facts and circumstances that pertain to a vehicle and the customer.

(Dep. of Sharleen Esquival 35:13-22.) Furthermore, when shown a good faith review document, Ms. Esquival fully and unevasively testified as to its contents and Defendant's general practice.

> Q.   Where do you see on the good faith review that it specifies "indicate source where it shows the DMV registration"?
>
> A. Well, scroll down. I want to see something, if we see it listed in the case notes here in this document. Scroll down for me, please.
>
> …
>
> A.   Okay, you can scroll up for a second. Right here. It looks like we have two line items that appear to be blank here.
>
> …
>
> A.   But typically, we are entering the DMV record and standard claims list in the case notes.

*Id*. at 63:1-22. Although Ms. Esquival did not have personal knowledge regarding the documents, her deposition makes clear that her testimony was based on the contents of the document.

> Q.   But is it your understanding that the individual who would know for certain as to which documents were looked at, which documents were not looked at, would be the one who did conduct the review, which would be either Julie or Nicole Buda, either one of them two?
>
> A.   Oh, I don't know. The document is pretty clear to me.

*Id*. at 70:19-71:1.

Plaintiffs may not have gathered the information they desired from Defendant's Rule 30(b)(6) witness, but that is not the relevant inquiry. The deposition notice establishes the minimum to which a deponent must be prepared to testify, and Ms. Esquival's testimony fulfils the requirement. Had Plaintiffs hoped to depose Ms. Buda or Ms. Scranlon, Plaintiffs could have requested them accordingly. Indeed, Plaintiffs had every opportunity to depose

3:25-cv-1196-H-SBC

their desired witnesses, yet Plaintiffs did not issue their 30(b)(6) deposition notice until one month prior to the initial fact discovery deadline, and the deposition did not happen until the expiration of the original fact discovery period.

## IV.    CONCLUSION

For the reasons on the record and set forth above, the Court finds Sharleen Esquival to be a proper Rule 30(b)(6) witness and **DENIES** Plaintiffs' request for Defendants to produce either Nicole Buda or Julie Scranlon for an additional Rule 30(b)(6) deposition.

**IT IS SO ORDERED**.

Dated:  March 9, 2026

Hon. Steve B. Chu
United States Magistrate Judge

3:25-cv-1196-H-SBC